UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHOUNTELLE HUDSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 23-0318 (TSC) |

**COMBINED MEMORANDUM IN OPPOSITION TO PLANTIFF'S
[1] MOTION TO AMEND AND [2] MOTION TO ADD AN EXHIBIT**

By and through undersigned counsel, Defendants, the United States of America and AmeriCorps, respectfully submit this opposition to Plaintiff Chountelle Hudson's Motion to Amend, ECF No. 29, and Motion to Add an Exhibit, ECF No. 30.

**BACKGROUND**

Plaintiff initiated this case on May 9, 2022 by filing a Complaint for damages arising from alleged libel and slander in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia. *See* Information Sheet, ECF No. 1-1, at 9. After the case was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), the Westfall Act, 28 U.S.C. § 2679(d)(2), and 28 U.S.C. § 1446, Plaintiff moved to supplement the factual allegations to support her tort claims in this case, which Defendants did not oppose on grounds that Defendants believed it could address the sufficiency of all pleadings with its motion to dismiss. *See* Notice of Removal, ECF No. 1; Mot. for Leave to File Supplementary Information, ECF No. 14; Notice of No Opposition, ECF No. 16, at 2. Accordingly, after notifying the Court that Defendants did not object to the motion to supplement, the Court granted that motion. *See* ECF No. 16; May 22, 2023 Min. Order; Suppl. Compl., ECF No. 18; Rule 15(a)(2).

According to Plaintiff's Complaint and Supplemental Complaint (collectively the "Operative Complaint"), Plaintiff claims that from 2014 to 2015, Plaintiff's supervisor at AmeriCorps, Caroline Ledlie, "slandered [Plaintiff] throughout the years," in retaliation for written and oral complaints Plaintiff made to AmeriCorps about Ms. Ledlie's conduct, and failure to discipline individuals whom she caught with drugs on the federal school campus. *See* Compl., ECF No. 1-1, at 3. Specifically, Plaintiff alleges that Ms. Ledlie harassed, bullied, assaulted, retaliated against, and slandered Plaintiff, by threatening Plaintiff with low evaluation scores, putting a finger to Plaintiff's face, and telling Plaintiff that "she was going to make sure no one and no one else within the AmeriCorps organization was going to hire [Plaintiff] again." *Id.*; *see* Suppl. Compl., ECF No. 18, at 1.

Eventually, on March 20, 2015, Plaintiff gave her two-week notice and on the same day, claims that she was "thrown off campus." Compl. at 3; *see* Suppl. Compl. at 3. Plaintiff further alleges that after she resigned, Plaintiff complained to AmeriCorps again to ask why AmeriCorps "did . . . not [also] release . . . co-workers who brought drugs on a federal school campus." Compl. at 3; *see also* Suppl. Compl. at 2. Additionally, Plaintiff claims that AmeriCorps never responded to her grievances and that Plaintiff was not allowed to fill out any on-campus EEO complaint forms. *See Suppl.* Compl. at 2. Plaintiff alleges that AmeriCorps was negligent by failing to respond to Plaintiff's grievances both before and after Plaintiff resigned. *See* Compl. at 3-4. Plaintiff further claims that this conduct caused her a lot of emotional distress and she seeks $5,700 in damages. *See* Compl. at 6; Suppl. Compl. at 3.

In response to the allegations above, Defendants moved to dismiss Plaintiff's Operative Complaint for slander and libel in full on grounds that under the Federal Tort Claims Act ("FTCA"), this Court lacks jurisdiction to hear Plaintiff's tort claims in this case, which extend

exclusively against the United States, for want of sovereign immunity and for failure to exhaust administrative remedies. Moreover, venue under the FTCA in this district is improper. Finally, Defendants moved to dismiss any remaining allegations in Plaintiff's Operative Complaint outside of tort for failure to state a claim for which this Court could grant relief, including a whistleblower claim under the Whistleblower Protection Act, or a discrimination claim under Title VII or its sister statutes. *See* Mot. to Dismiss, ECF No. 20. Defendants' motion to dismiss is fully briefed and now pending with the Court. *See* Pl.'s Resp., ECF No. 22; Reply, ECF No. 26.

Meanwhile, however, on September 28, 2023, Plaintiff, again, moved to amend her Complaint to formally add a causes of action for "[r]etaliation and [w]histleblower" and "[b]reach of [c]ontract." Mot. to Amend, ECF No. 29, at 11. Plaintiff additionally requests to amend the relief she seeks by adding "pain and suffering" and increasing the amount in controversy in this suit from $5,700 to $570,000. *See id.* Because Plaintiff is a *pro se* litigant, Plaintiff's Motion to Amend could be construed as another request to supplement the Operative Complaint, which Defendants oppose. Specifically, any proposal to add additional causes of action for (1) retaliation and whistleblower, and (2) breach of contract is futile, given that these claims would not survive a challenge on the face of the pleadings or judgment as a matter of law. Moreover, because the Court should grant Defendants' Motion to Dismiss in full and deny Plaintiff's Motion to Amend, Plaintiff's Motion to Add Exhibit should also be denied as moot.

Accordingly, for all the reasons Defendants articulated in their Motion to Dismiss, ECF No. 20, and supporting memorandum thereto, to which Defendants refer and incorporate herein, and for the reasons addressed below, the Court should deny Plaintiff's Motion to Amend the pleadings to include additional claims for "retaliation and whistleblower," and "breach of contract" as such claims would not survive challenge to the face of the pleading and are futile.

**LEGAL STANDARD**

Plaintiff's Motion to Amend, when liberally construed, could, arguably, implicate two separate, but related, provisions of the Federal Rules of Civil Procedure ("Rules"). Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). And, under Rule 15(a), "[t]he court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The principal distinction between a motion to supplement and a motion to amend is that the former deals with events occurring after suit was brought, while the latter deals typically with facts occurring before then." *See* Mem. Op. and Order, *Hylton v. Carlson*, Civ. A. No. 17-2535 (RDM) (D.D.C.), ECF No. 62, at 3 (citing *United States v Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)). "In addition, Rule 15(d) is 'permissive; it tells courts that they "may" grant leave to supplement, while Rule 15(a)(2) states that courts "should" give leave to amend "when justice so requires."'" *Id.* (citing *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79–80 (D.D.C. 2018)). Thus, "although the standards applicable under Rules 15(d) and 15(a) 'overlap[,]' they are not identical." *Id.*

When applying these standards, courts nonetheless consider the same factors when determining whether to grant or deny leave to amend or supplement, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment" counsels against granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Jones v. Bernanke*, 685 F. Supp. 2d 31, 35 (D.D.C. 2010). "As relevant here, 'both motions for leave to amend and motions to supplement should be denied where amendment (or supplementation) would be futile,'" *Hylton*, Civ. A. No. 17-2535 (RDM) (D.D.C.), ECF No. 62, at 3 (citing *Sai v. DHS*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015)). This includes when the proposed

amendment or supplement would not survive a motion to dismiss or for summary judgment. *See id.* (citing 6 Wright & Miller, Federal Practice & Procedure § 1487, at 743 (3d ed. 2010)).

## ARGUMENT

Here, the Court should deny Plaintiff's motion to amend regardless of whether it is construed as a motion to amend or a motion to supplement because the added claims would not survive a challenge on the face of the pleadings or judgment as a matter of law, regardless of whether they are construed separately from or alongside Plaintiff's other pleadings—the Operative Complaint.

I.  **Plaintiff's Proposed Retaliation and Whistleblower Claim Would Not Survive a Challenge on the Face of the Pleadings or Judgment As a Matter of Law.**

Plaintiff seeks to amend her Operative Complaint to add a claim for "retaliation and whistleblower." As an initial matter, it is unclear under what cause of action Plaintiff seeks to pursue such claim. For example, although Plaintiff cites to Title VII's prohibition against discrimination on the basis of "race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2(a)(2), nowhere in the Operative Complaint, or Plaintiff's proposed amended complaint, does Plaintiff allege that she was subjected to discrimination because of her "race, color, religion, sex, or national origin." *Id.*; *see* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs' Mem."), ECF No. 20-1, at 13. Thus, despite describing the proposed claim as a "Retaliation and Whistleblower" claim it is unclear whether Plaintiff seeks to pursue separate relief under an anti-discrimination statute such as Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, or under the Whistleblower Protection Act, both of which protect against reprisal for certain oppositional or whistleblowing activity. *See* 5 U.S.C. § 2302(b)(8). *See* 42 U.S.C. § 2000e-3(a); 5 U.S.C. § 2302(b)(8). For the following reasons, regardless of whether Plaintiff's proposed "retaliation and

whistleblower" claim seeks to pursue relief under Title VII or the Whistleblower Protection Act, either claim is futile in this case, therefore, the Court should deny Plaintiff leave to add this claim.

A. **Plaintiff's Proposed Retaliation and Whistleblower Claim Fails to State a Claim Arising Under Title VII, Nor Can Plaintiff Bring a Title VII Claim in this Case.**

Even if the Court were to construe Plaintiff's "retaliation and whistleblower" claim as an attempt to state a retaliation claim under Title VII, Plaintiff has not pled sufficient facts on the face of the pleadings to establish such cause of action. Title VII prohibits retaliation against participation in the EEO process *or* for opposing any unlawful employment practices covered by the statutes. *See* 42 U.S.C. § 2000e-3(a) (Title VII). But by her own admission, Plaintiff has not filed any EEO complaint, nor does AmeriCorps have any record of her filing an EEO Complaint. *See* Supp. Compl. at 2; *see also* Declaration of Blake Fetrow ("Fetrow Decl.") ¶¶ 11-12.[1]

---

[1] When ruling on Plaintiff's motion for leave to amend, the Court may consider Mr. Fetrow's declaration attesting to facts such as (1) AmeriCorps' records' systems having no record of submissions from Plaintiff, or (2) the descriptions of records that AmeriCorps maintains regarding Plaintiff, for several reasons. First, because leave to amend should be denied if the proposed complaint would not survive the pleadings, the Court can consider records that it would be able to consider under a Rule 12(b)(6). For a motion to dismiss for failure to exhaust administrative remedies, "a court is limited to considering facts alleged in the complaint, any documents attached to or incorporated by reference in the complaint, matters of which the court may take judicial notice, and matters of public record." *Felder v. Johanns*, 595 F. Supp. 2d 46, 60–61 (D.D.C.2009) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). In addition, a Court may likewise deny leave to amend if the proposed pleadings would not survive summary judgment. *See* 6 Wright & Miller, Federal Practice & Procedure § 1487, at 743 (3d ed. 2010). Thus, where there are facts of which the Court can take judicial notice that would show that a plaintiff had obviously not complied with the administrative-exhaustion process, the Court can consider such facts when denying leave to amend. *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 9 (D.D.C. 2016) (holding that Courts can take judicial notice of any "dates of administrative filings using documents whose authenticity is not in question."). Indeed, "[i]f courts could not take judicial notice of such public [records], plaintiffs," like in this case, "who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint." *Vasser*, 228 F. Supp. 3d at 10 (citing *Redmon v. U.S. Cap. Police*, 80 F. Supp. 3d 79, 84 (D.D.C. 2015)). Likewise, moreover, for purposes of venue, this Court may consider facts that the "party objecting to venue must present[,] sufficient [enough]. . . to put the plaintiff on notice that there is a defect in venue." *Louis v. Hagel*, 177 F.

Likewise, to state a retaliation claim based on opposing an unlawful employment practice, a plaintiff must allege that she opposed harassment or discrimination based on race, sex, or some other protected category under Title VII, "before the retaliatory conduct occurred." *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 91-92 (D.D.C. 2006). As Defendants noted in their motion to dismiss, there is nothing in the Operative Complaint—nor in Plaintiff's proposed amended complaint—that establishes any circumstances that support an inference of discrimination to which Plaintiff was either subjected or opposed. *See* Defs.' Mem. at 13; *see also* Prop. Am. Compl., ECF No. 29, at 11. For example, while Plaintiff's proposed amended complaint alleges that Plaintiff was retaliated against after reporting "assaults, harassment, and drugs," Plaintiff does not allege that any of her reports involved circumstances based on discrimination. Prop. Am. Compl. at 11; *see also Coleman v. Potomac Elec. Power Co.,* 422 F. Supp. 2d 209, 213-14 (D.D.C. 2006) (finding that because the plaintiff "complained about the evaluation process, his supervisors, and harassment but not about matters protected by anti-discrimination laws," he did not establish that he engaged in statutorily protected activity) (quotations omitted); *MacIntosh v. Bldg. Owners & Managers Ass'n Int'l,* 355 F. Supp. 2d 223, 226 (D.D.C. 2005) (affirming "that the race-based element must lie in the protected activity") (quotations omitted); *Logan v. Dep't of Veteran Affs.,* 404 F. Supp. 2d 72, 77 (D.D.C. 2005) (stating that the plaintiff did not engage in statutorily protected activity because her complaints did not "include a claim of discrimination based upon race, color, religion, sex, or national origin").

In addition, Plaintiff's proposal to add the claim of "retaliation and whistleblower," arising under Title VII fails for another reason, which is that Plaintiff's relevant work with AmeriCorps

---

Supp. 3d 401, 404 (D.D.C. 2016) (citing *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C.2014) *aff'd* 602 Fed.Appx. 836 (D.C.Cir.2015)).

did not render her a federal employee subject to the provision of laws, outside of tort, relating to Federal employment. *See* 42 U.S.C. § 12655n(b)(1) ("Except as otherwise provided in this subsection, a participant . . . in a program that receives assistance under this subtitle shall not be considered a Federal employee and shall not be subject to the provision of laws relating to Federal employment."); *see also O'Dell v. Hope Network W. Michigan/Michigan Educ. Corps*, Civ. A. No. 20-11192, 2021 WL 3861106, at *8 (E.D. Mich. Aug. 30, 2021) (finding that an AmeriCorps members' relationship to AmeriCorps did not establish that plaintiff was an employee with AmeriCorps for purposes of Title VII); *Schultz v. Trib. Co.*, Civ. A. No. 06-4800, 2009 WL 3246737, at *1 n.1 (E.D.N.Y. Oct. 7, 2009), *aff'd* 418 F. App'x 26 (2d Cir. 2011) ("The Whistle Blower Protection Act . . . protects federal employees from retaliation for reporting unlawful activity."). Specifically, at all times relevant to her work with Youth Villages-Inner Harbor Campus, Plaintiff served as an AmeriCorps member and was neither an employee of AmeriCorps nor an employee of the organization through which Plaintiff served. *See* Fetrow Decl. ¶¶ 4-5; *see also* Compl. at 4 (referring to the names of other "service members that served alongside [Plaintiff]."); 42 U.S.C. § 12511(30)(B) ("A participant shall not be considered to be an employee of the organization receiving assistance under the national service laws through which the participant is engaged.").

Alternatively, even though Plaintiff is not considered a federal employee, Plaintiff had the right to file an EEO Complaint directly with AmeriCorps, and failed to exhaust her administrative remedies. *See* Fetrow Decl. ¶ 9. Specifically, AmeriCorps regulations provide Plaintiff with the right to file grievances with AmeriCorps' Civil Rights and Employment Office within forty-five days of the date of the occurrence. *See id.*; *see also* 29 C.F.R. § 1614.105(a)(1). Only after exhausting the EEO complaint process, however, can an AmeriCorps member file her exhausted

claims in a civil action. *See* 45 C.F.R. § 1225.21. Here, there is no record of Plaintiff filing any EEO Complaint with AmeriCorps. *See* Fetrow Decl. ¶¶ 11-12. Plaintiff claims, nonetheless, that she was not able to file an "EEO Complaint" "on-campus." Supp. Compl. at 2. But this allegation is not enough to save her claim for two reasons.

First, there is not enough on the face of the pleadings to establish that extraordinary circumstances exist to support any equitable tolling of Plaintiff's exhaustion deadlines in this case. *See Ricci v. Kerry*, Civ. A. No. 11-2185 (RLW), 2013 WL 5329049, at *3 (D.D.C. Sept. 23, 2013) (stating that a "plaintiff 'is entitled to equitable tolling . . . if [ ]he shows (1) that [ ]he has been pursuing h[is] rights diligently, and (2) that some extraordinary circumstance stood in h[is] way and prevented timely filing.'") (citations omitted). For example, the pleadings do not establish whether Plaintiff sought to file an EEO Complaint with AmeriCorps or only tried to file a complaint "on-campus" and through the grievance procedures available to Plaintiff through the program in which she served. *See* Supp. Compl. at 2. Thus, Plaintiff cannot establish that she even tried to avail herself of the proper procedures to raise her EEO Complaint. Second, even if it were true that Plaintiff could not file an EEO Complaint with AmeriCorps, this fact may still only support equitable tolling at the administrative level, should Plaintiff now file her complaint today with AmeriCorps; it does not give Plaintiff the right to seek direct relief from this Court. *See Nelson v. Blinken*, 2023 WL 7156516, at *4 (D.D.C. Oct. 31, 2023) (noting that even if equitable tolling were to pause the EEO process limitation period, the plaintiff may still be required to file a complaint with the agency before filing those claims in a civil action) (citing *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35-36 (D.D.C. 2008) (noting that the purpose of EEO process exhaustion is to "provide the agency with notice to investigate possible grounds of discrimination")).

As a final matter, any attempt by Plaintiff to raise a Title VII claim or a claim like it in this district fails for one other reason, which is improper venue. Thus, just as venue for Plaintiff's FTCA claims are only proper in Georgia, venue for any Title VII claim that Plaintiff seeks to raise in her proposed amended pleadings would follow the same fate and is futile. Under Title VII's venue provision, a Title VII cause of action "may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e–5(f)(3).

First, the sparse facts pleaded in Plaintiff's complaint make clear that she complains of conduct that occurred during her time at the Youth Villages site in Georgia. Second, Plaintiff's employment records are maintained in Georgia, not the District of Columbia. *See* Fetrow Decl. ¶¶ 4-6. While AmeriCorps maintains in the District of Columbia a roster detailing information regarding which AmeriCorps members qualify for an education award, the Youth Villages site maintains records relating to Plaintiff's pay, leave, disciplinary records, and personnel file. *Id.* This is sufficient to satisfy "the prong of the Title VII venue statute that concerns employment records," which "speaks of 'the judicial district' in which employment records are 'maintained and administered[,]'" or as Courts in this District interpreted, the "one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'" *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988); *see also O'Meara v. McCarthy*, Civ. A. No. 19-2130 (DLF), 2020 WL 5569945, at *3 (D.D.C. Sept. 17, 2020) (Venue improper where a

"'version' of the employment records were provided to the Army Corps of Engineers' EEO office in Washington, D.C. to assist with the processing of [Plaintiff's] EEO complaint."); *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 87 (D.D.C. 2014) ("[T]he mere electronic accessibility of the 'master set' of records from other districts does not provide an adequate basis for venue.").

Third, "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice" is Georgia. As stated above, all of the events underlying Plaintiff's complaint concern her term of service at the Youth Villages campus in Georgia. Fourth, Title VII's venue provisions "permits venue to be laid where the respondent has his principal office only if the respondent is not found within any of the other districts covered by the statute." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 247 (D.D.C. 2007). Defendants can be found in Georgia, where the Youth Villages campus is located, thus Plaintiff cannot rely on the fourth prong of the venue provision to establish venue in this District.

In sum, to the extent Plaintiff's "retaliation and whistleblower" claim is an attempt to state a retaliation claim under Title VII, such claim is futile both on the face of Plaintiff's proposed amended pleadings and as a matter of law. Thus, there is no reason why this Court should permit Plaintiff to supplement or amend her Complaint to add this claim as doing so would be futile.

      **B.**      **Plaintiff's Proposed Retaliation and Whistleblower Claim Fails to State a Claim Arising Under Title VII, Nor Can Plaintiff Bring a Title VII Claim in this Case.**

Separately, to the extent Plaintiff's "retaliation and whistleblower" claim attempts to state a claim for reprisal arising from whistleblower activities covered by the Whistleblower Protection Act, even though an AmeriCorps member is, again, not considered a federal employee for purposes of this act, AmeriCorps members are authorized to file whistleblower protection complaints pursuant to 41 U.S.C. § 4712 by making the complaint to AmeriCorps Office of Inspector General ("Inspector General"). *See* Fetrow Decl. ¶ 10; *see also* National Defense Authorization Act for

Fiscal Year 2013, Pub. L. No. 112-239, § 828, 126 Stat. 1837 (controlling law at the time of the Plaintiff's period of service).

The law is clear that procedurally a Plaintiff who brings a cause of action under the Whistleblower Protection Act must first bring her complaint to an appropriate authority such as the Office of Special Counsel, the Merit System Protection Board, or Office of Inspector General. *See, e.g.*, *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002); *see also Weber*, 209 F.3d at 758 ("An employee who believes he has been the victim of a prohibited personnel practice must first complain to the" Office of Special Counsel.). Regardless of the appropriate authority that Plaintiff must complain to, "one of these administrative remedies must be exhausted before suit can be heard in federal court." *Hamilton v. Geithner*, 743 F. Supp. 2d 1, 13 (D.D.C. 2010), *aff'd*, 666 F.3d 1344 (D.C. Cir. 2012); *see also Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996) ("Under the [Civil Service Reform Act], exhaustion of administrative remedies is a jurisdictional prerequisite to suit.").

Here, because there is no record of Plaintiff filing any Inspector General complaint related to any grievances alleged in this case and because administrative exhaustion is a jurisdictional prerequisite, *see* Defs' Mem. at 13-15 (citing *Stella*, 284 F.3d at 142), any claim Plaintiff may seek to raise related to her protected whistleblower activity should be dismissed as futile. *See* Fetrow Decl. ¶ 13. Any request to seek leave to amend under these circumstances is clearly futile and should be denied.

## II. Plaintiff's Proposed Breach of Contract Claim Would Not Survive Challenge on the Face of the Pleadings or Judgment As a Matter of Law.

Plaintiff next moves to supplement or amend her Operative Complaint to bring a cause of action for breach of contract, which is also futile for several reasons.

*First*, to the extent Plaintiff's breach of contract claim relies on the same underlying facts or legal duties as her tort claims or "retaliation and whistleblower" claims, Courts typically dismiss contract claims that duplicate contemporaneously filed discrimination or retaliation claims. *McGee v. D.C.*, 646 F. Supp. 2d 115, 121 (D.D.C. 2009). The same holds true for claims that sound in tort. *See Norment Sec. Grp., Inc. v. Travelers Cas. & Ins. Co.*, 505 F. Supp. 2d 97, 103 (D.D.C.2007) (holding that "[t]o maintain a tort claim in addition to a breach of contract claim, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages"); *accord Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*, 160 F. Supp. 2d 36, 42 (D.D.C. 2001). "The fact that claims in an amended complaint are based on the same legal duties or facts asserted in the original complaint is grounds for denying leave to amend." *Id.* at 121-22; *see City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 7 (D.D.C. 2008) (holding that "[f]ailing to allege new facts or offering a duplicative amendment can be grounds for denying leave to amend"); *Wiggins v. District Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994) (denying the plaintiff's motion for leave to amend because, although the plaintiff asserted two new causes of action, he asserted no new material facts to support them).

Here, Plaintiff proposes to bring a breach of contract claim that is based on the same facts and legal duties underlying her Federal Torts Claims Act causes of action and the Title VII claim she proposes to add to her Complaint. All of Plaintiff's claims in this case can be distilled down to grievances about how AmeriCorps staff responded to Plaintiff's various ongoing complaints about her coworkers. Courts in this District do not typically permit a Plaintiff to proceed in this manner.

Moreover, even if this Court construes Plaintiff's amendment as not being coextensive of her tort or "retaliation and whistleblower" claims, Plaintiff nevertheless fails to state a breach of contract claim that is plausible on its face. To recover for breach of contract, "a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *Williams v. United States*, 144 Fed. Cl. 218, 231 (2019). To determine whether a contract exists Plaintiff must show (1) mutuality of intent to contract; (2) consideration; and (3) lack of ambiguity in offer and acceptance. *D & N Bank v. United States*, 331 F.3d 1374, 1378 (Fed. Cir. 2003) (citing *Lewis v. United States*, 70 F.3d 597, 600 (Fed. Cir. 1995)).

*Second* Plaintiff fails to plead sufficient facts to support her implicit claim that a valid contract exists between the parties. Plaintiff's proposed amendment appears to allege that the AmeriCorps grievance policy manifested a binding contract between the parties. *See* ECF No. 29 at 11. Her motion, however, cites no authority supporting her proposition that a grievance policy is a contract nor that any purported contract would give rise to a duty for AmeriCorps to take action against Plaintiff's co-workers for allegedly possessing prohibited substances. *Id.* Indeed, that position is untenable as "[a]n agency's performance of its regulatory or sovereign functions does not create contractual obligations." *D&N Bank v. United States*, 331 F.3d 1374, 1378-79 (Fed. Cir. 2003).

*Finally,* it is important to note that under AmeriCorps' regulations, Plaintiff had the right to file grievances with the program through which she served, or in this case, with the Youth Villages-Inner Harbor Campus. *See* Fetrow Decl. ¶ 8; 45 C.F.R. 2540.230. Thus, to the extent Plaintiff's claim that she was not allowed to file an "EEO Complaint" "on-campus" arises from

Case 1:23-cv-00318-TSC   Document 33   Filed 12/01/23   Page 15 of 16

any issue with her filing a grievance with the program in which she served, that claim would not be one that Plaintiff could raise against AmeriCorps. Supp. Compl. at 2.

### III. Plaintiff's Request to Amend Her Prayer for Relief Should Likewise Be Denied

Plaintiff's remaining proposed amendments or supplementations to her Complaint are not causes of action, rather they are forms of relief. Specifically, Plaintiff requests to add pain and suffering, and to amend the amount in controversy from $5,700 to $570,000. *See* Prop. Am. Compl. at 11. Given that all of Plaintiff's causes of action in her Original Complaint should be dismissed and Plaintiff's proposed amendments here are without merit, there is no reason to consider Plaintiff's remaining request to amend the relief she seeks because those issues will be moot after the Court disposes of each cause of action. *See SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015) (Denying Plaintiff's request to amend or supplement complaint when doing so would be moot).

Additionally, for the Court's awareness, if the Court permits Plaintiff to amend the amount in controversy in tandem with a cause of for breach of contract, then the amendment will have the effect of depriving the Court of subject matter jurisdiction over the contract claim. Under the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491(a)(1), this Court only has jurisdiction over a breach of contract claim against the government if it is less than or equal to $10,000. *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1105-06 (D.C. Cir. 2022). If Plaintiff is seeking more than that, as her request to amend the amount in controversy implies, this Court would lack jurisdiction. *Cf. Lawrence v. Lew*, 156 F. Supp. 3d 149, 167-69 (D.D.C. 2016) (dismissing a breach of contract claim against the Bureau of Engraving and Printing because it was for $300,000 and the Court did not have jurisdiction).

**IV. <u>Plaintiff's Motion for Leave to File Should Be Denied As Moot.</u>**

As a final matter, because this Court should grant Defendants' pending Motion to Dismiss, ECF No. 20, and deny Plaintiff's Motion for Leave to Amend, ECF No. 29, the Court should also deny Plaintiff's separate Motion to Add an Exhibit, ECF No. 30, given that this matter, is moot. *See SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 126 (D.D.C. 2015) (Denying Plaintiff's remaining amendments when doing so would be moot).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Amend, ECF No. 29, and Motion to Add an Exhibit, ECF No. 30.

Dated: December 1, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  *Anna D. Walker*
ANNA D. WALKER
Assistant United States Attorney
ALEXANDER SCHREIBER
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
 (202) 252-2544; (202) 252-6754
Anna.Walker@usdoj.gov;
Alexander.Schreiber@usdoj.gov

*Attorneys for the United States of America*