UNITED STATES DISTRICT AND BANKRUPTCY COURTS
FOR THE DISTRICT OF COLUMBIA

Chountelle Hudson
Plaintiff
41 Marietta Street Unit 645
Address
Atlanta, Georgia 30301
City State Zip Code

VS                                                    CIVIL ACTION NO. 23-cv-00318-TSC

United States of America et al
Defendant
United States Attorney Office 601 D Street
Address
Washington, DC 20530
City State Zip Code

### Response To Defendants ECF NO 33

Comes now, Chountelle Hudson, Plaintiff, in the above-captioned case, respectfully responding to Defendant(s) ECF No 33.

## Response 1

**Plaintiff claims that from 2014 to 2015, Plaintiff's supervisor at AmeriCorps, Caroline Ledlie, "slandered [Plaintiff] throughout the years," in retaliation for written and oral complaints Plaintiff made to AmeriCorps about Ms. Ledlie's conduct, and failure to discipline individuals whom she caught with drugs on the federal school campus -  pg 2**

ECF 29 includes my full statement of claim regarding the slander and retaliation that took place during my employment with AmeriCorps State and National. The evidence of the text message of drugs being on campus would further demonstrate and support the retaliation, slander, and whistleblowing that would take place after emailing it to AmeriCorps Washington DC office, the Department of Community Affairs in Georgia, as well as Caroline and Tony who were ccd in the email.

RECEIVED
DEC 20  2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

In ECF 14 further explained on my behalf how Caroline continued to slander and retaliate against me amongst new corps members whereas I was isolated not only amongst the members in general because they (the members), did not want to get on Caroline Ledlie's "bad side" by affiliating with me or being seen with or around me (Concerning defendant Caroline Ledlie, there was one corp member that mentioned they were "afraid to get on her bad side because she seem like she would do something"). I was isolated via room assignments later in our service where I was roomed by myself whereas every corp member had roommates. A new corps member wanted to room with me but she was told "no" by Caroline and Tony C.  The defendant Caroline Ledlie in her demeanor would intimidate others. In general, individuals (Supervisors, managers, etc) such as the defendant Caroline Ledlie what they will do is (and what I witnessed her do), intimidate others and if you are seen with someone they do not like, agree with, or have issues with, they will give others "a look" or partake in certain bullying tactics/treatment to remind others to stay away from you. As an adult in her position that was supposed to lead by example professionally in her position, It wasn't enough for the defendant Caroline Ledlie to partake in her bullying, harassing, and vengeful tactics towards me by herself, instead, she attempted to drag others into her plight, formed a click with other members, and engaged in said behavior listed throughout my claims whereas she turned all those members listed in my claim against me. So yes, she slandered me against all 13+ of those members, along with the Youth Villages staff we worked alongside, and future employers and agencies.

**Response 2**

**"Eventually, on March 20, 2015, Plaintiff gave her two-week notice and on the same day, claims that she was "thrown off campus." Compl. at 3; see Suppl. Compl. at 3. Plaintiff further alleges that after she resigned, Plaintiff complained to AmeriCorps again to ask why AmeriCorps "did . . . not [also] release . . . co-workers who brought drugs on a federal school campus." Compl. at 3; see also Suppl. Compl. at"** -  pg2

This was to further support my claim that the defendant(s) partook in the whistleblowers act and retaliated against me via my complaints, grievances, and text messages emailed to AmeriCorps corporate office in Washington DC, the Department of Community Affairs in Georgia, and both Caroline and Tony. Professionally, and as throughout my service I remained cordial and respectful, and putting in a two week notice was the right thing to do (as well as professionally), nonetheless, I was told me to leave immediately and threatened verbally with the statement put in my claim concerning no one being able to hire me. As stated in my claim, the sendoff was vicious and malicious with me receiving low scores within 20 minutes of me putting in my resignation, that was how swift the response to my resignation was (i.e me being "thrown" off campus), The low scores via retaliation was demonstrated in ECF No 14  May 5, 2023. The second set of low scores via retaliation was demonstrated in ECF No 30. With me being "thrown off campus" by Caroline Ledlie and Tony C, they were fully aware that I came there from another state to work there in Georgia, and did not have any place to go upon them throwing me off

campus immediately, neither did they ask any questions on if I had a place to go. I was homeless for months which caused so much emotional distress and even when I did get a place to stay it was not the best of circumstances and I was threatened with multiple evictions which I have proof of and attempted to file into the case but it was dismissed. My questioning and argument of me being thrown off campus upon me putting in a two week notice vs someone being caught with drugs on campus in which our contract with AmeriCorps State and National stated was not allow, nonetheless, they allowed them to stay on campus, was valid.

### Response 3

**"Additionally, Plaintiff claims that AmeriCorps never responded to her grievances and that Plaintiff was not allowed to fill out any on-campus EEO complaint forms. See Suppl. Compl. at 2. Plaintiff alleges that AmeriCorps was negligent by failing to respond to Plaintiff's grievances both before and after Plaintiff resigned" - pg 2**

I have all of the grievance emails I sent to AmeriCorps State and National in Washington DC, the Department of Community Affairs, along with Caroline and Tony C. ccd on the emails in which I did attempt to file it into my response to defendant ECF No 22 along with those exhibit however it was denied. In the emails I sent to AmeriCorps State and National, the Department of Community Affairs, and Caroline and Tony, there was never a response from any of them. The only response I received was from Youth Villages, however, that was not their duty if I am not mistaken to deal with my complaints, it was AmeriCorps and the Department of Community Affairs duty in which they were negligent, thus Caroline Ledlie and AmeriCorps breached the grievance policy. ECF NO 22 had proof of my emails and the grievance policy that the defendants breached.  Can the defendant(s), along with the Department of Community Affairs in Georgia prove and demonstrate evidence that they replied to any of my complaints/grievance emails, and/or confirm or prove that they resolved my complaints?

### Response 4

**"Defendants moved to dismiss Plaintiff's Operative  Complaint for slander and libel in full on grounds that under the Federal Tort Claims Act  ("FTCA"), this Court lacks jurisdiction to hear Plaintiff's tort claims in this case, which extend Case 1:23-cv-00318-TSC Document 33 Filed 12/01/23 Page 2 of 16 - 3 -exclusively against the United States, for want of sovereign immunity and for failure to exhaust administrative remedies" ….. "Moreover, because the Court should grant Defendants' Motion to Dismiss in full and deny Plaintiff's Motion to Amend, Plaintiff's Motion to Add Exhibit should also be denied as moot."- pg 3 –**

ECF NO 29, ECF NO 18, and ECF NO 30, provides hard evidence of retaliation and slander.  The document ECF NO 30 that defendant Caroline Ledlie signed, would allow other agencies to pull up my record upon me applying for a job and see her check off the box that my work was unsat-

isfactory. My quality of life was immensely effected by not being able to have a job/employment based on slanderous and retaliative actions of the defendant. Employers should be reminded that when they do something like this that hinders you from having employment or decent employment for that matter to take care of yourself, that this is in fact slander as well upon them seeing your name and the comments beside your name (in this case though, it was retaliative).

Respectfully, the defendants should not be able to claim sovereign immunity but rather be held accountable for their actions and negligence as the claims and evidence I have submitted to the courts fully demonstrates and proves that there was slander/libel, breach of contract, whistle-blowing, and retaliation that resulted in much pain and suffering.

### Response 5

**"The principal distinction between a motion to supplement and a motion to amend is that the former deals with events occurring after suit was brought, while the latter deals typically with facts occurring before then." - pg 4**

The motion to supplement is merely a request to ask the Judge and Courts if I can add a document or testimony not currently admitted to the case. It appears the attorney for the defendant(s) intentionally left out that document demonstrating the low scores I received 20 minutes after I put in my resignation as it was hard proof and evidence of retaliation, therefore I had to request for the motion to supplement and add that document (ECF NO 18).

### Response 6

**"For example, although Plaintiff cites to Title VII's prohibition against discrimination on the basis of "race, color, religion, sex, or national origin" 42 U.S.C. § 2000e2(a)(2), nowhere in the Operative Complaint, or Plaintiff's proposed amended complaint, does Plaintiff allege that she was subjected to discrimination because of her "race, color, religion, sex, or national origin."- pg 5**

For the above mentioned case number, my claim as it relates to this case specifically stated slander/libel, retaliation, breach of contract, whistleblower, and pain and suffering. The discrimination complaint was brought to the attention of AmeriCorps, The Department of Community Affairs in Georgia, Caroline Ledlie, and Tony C back in 2014 and 2015, nonetheless, again, nothing was done about it, and neither was I allowed to fill out an eeo form during my employment there when I was filing grievances.  Due to me being viciously and maliciously "thrown off campus," and the abuse both verbally, emotionally, and mentally that ensued (along with the duration of my service there), I was under a lot of distress, and suffered immensely with a ripple effect of things happening in my life that included bouts of homelessness; thus the statute of limitations ran out to actually file a complaint with the Government.

## Response 7

**"Even if the Court were to construe Plaintiff's "retaliation and whistleblower" claim as an attempt to state a retaliation claim under Title VII, Plaintiff has not pled sufficient facts on the face of the pleadings to establish such cause of action.. But by her own admission, Plaintiff has not filed any EEO complaint, nor does AmeriCorps have any record of her filing an EEO Complaint" – pg 7**

In my initial statement of claim, I supplied the courts with the text messages of drugs being found on campus, my low scores (ECF NO 18 and ECF NO 30), and an attempt to add evidence in this case of me emailing AmeriCorps corporate office in Washington DC and the Department of Community Affairs my grievances and complaints of the harassment and retaliation by this woman Caroline Ledlie. The defendant Caroline Ledlie is very much aware of the verbal comment she made to me concerning "making sure she was going to make sure no one else hires me," and I was able to further support that with the low scores in ECF NO 30 with her signature dated two days after I put in my resignation which would also support my claim that I was told to leave immediately rather than allowing me to fulfill the two weeks or less or even asking me if I had anywhere else to go. I was "thrown off campus" immediately.

## Response 8

**"In a program that receives assistance under this subtitle shall not be considered a Federal employee and shall not be subject to the provision of laws relating to Federal employment." - pg 8**

This would be nothing more than a play on words and a play on words regarding duties similar to them wanting to be granted sovereign immunity to keep them from being held accountable for their actions. AmeriCorps and AmeriCorps State and National is considered a Federal employer per their website. Per their website on AmeriCorps.gov under Frequently asked questions, it specifically states that "Americorps AmeriCorps is a federal agency that funds organizations to make positive impact in communities (AmeriCorps. 2023. Our frequently asked questions.)"

In general terms, an employee is a person who is paid to work someone else, I was paid and have the check stubs to prove that. I also filed taxes. Does not AmeriCorps/AmeriCorps State and National have an EIN Number and that EIN Number we would use to file taxes?

Also, as it relates to employee, the IRS states, "Under common-law rules, anyone who performs services for you is your employee if you can control what will be done and how it will be done (Internal Revenue Service. 2023. *Employee (common-law employee)*.)"

Moreover, the *Department of Labor* states this in regards to an employer and employee, "The most common misconceptions associated with the employment relationship under the FLSA relate to: Independent Contractors, Trainees (includes School-to-Work programs), Volunteers Individuals who volunteer or donate their services, usually on a part-time basis, for public service, religious or humanitarian objectives, not as employees and without contemplation of pay, are not considered employees of the religious, charitable or similar non-profit organizations that receive their service (Department of Labor. 2023. *elaws - Fair Labor Standards Act Advisor)*." I was paid.

### Response 9

**"The pleadings do not establish whether Plaintiff sought to file an EEO Complaint with AmeriCorps or only tried to file a complaint "on-campus" and through the grievance procedures available to Plaintiff through the program in which she served… Thus, Plaintiff cannot establish that she even tried to avail herself of the proper procedures to raise her EEO Complaint." - pg 9**

As mentioned in my responses above I have all of the emails I sent to Americors, the Department of Community Affairs, along with Caroline and Tony C. ccd on the emails in which I did attempt to file it into this case as an exhibit however it was rejected_, however, there was no response, and neither can the defendants provide evidence demonstrating that they responded to my complaints

### Response 10

**To recover for breach of contract, "a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach."**

Respectfully, I attempted to file into case as an exhibit ECF NO 23 but it was denied, however, I can attempt to try again. It would demonstrate the contractual agreement between myself and AmeriCorps regarding the Grievance policy and prohibition of drugs on campus.

**CONCLUSION**

In conclusion, I am respectfully asking that the Court and Judge Tanya S. Chutkan not to deny my Motion to Amend ECF No 29, and Motion to Add and Exhibit, and ECF No 30 as it provides further proof and evidence to support my claims. I also do have proof of documentation of emails with the date, times and people I emailed as it relates to my greivances and complaints. I also have documentation of my two weeks notice I submitted to the defendant(s). I doubt the defendants can demonstrate proof that they responded to my grievances and complaints submitted to them in 2014 -2015, neither can they demonstrate that they resolved the matters outlined in this case during those times.

**References**

AmeriCorps. 2023. Our frequently asked questions. (n.d.) https://americorps.gov/partner/faqs#:~:text=What%20kind%20of%20funding%2Fresources%20does%20AmeriCorps%20offer%3F&text=AmeriCorps%20is%20a%20federal%20agency,make%20positive%20impact%20in%20communities

Department of Labor. 2023. *elaws - Fair Labor Standards Act Advisor*. (n.d.)  https://webapps.dol.gov/elaws/whd/flsa/scope/er16.asp

Department of Labor. 2023. *elaws - Fair Labor Standards Act Advisor*. (n.d.) https://webapps.dol.gov/elaws/whd/flsa/scope/er16.asp

Internal Revenue Service. (n.d.). 2023. *Employee (common-law employee)*. (n.d.) https://www.irs.gov/businesses/small-businesses-self-employed/employee-common-law-employee

Submitted, Respectfully, this day of December 20, 2023

*[signature]*

<u>Chountelle Hudson</u>
Name
<u>41 Marietta Street Unit 645</u>
Address
<u>Atlanta, Georgia 30301</u>
City, State, Zip Code

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 20, 2023, the foregoing was caused to be served on Defendant, UNITED STATES OF AMERICA, *et al.*, via email and first-class physical certified mail to:

ANNA D. WALKER

Assistant United States Attorney

601 D Street Address Washington, DC 20530

By: Chountelle Hudson

41 Marietta St., # 645

Atlanta, GA 3031

LCStuckey1@yahoo.com